## WATSON v STACK

Ohio Appeals, 9th Dist, Summit Co
No. 1884. Decided April 2, 1931

Wilson & Kelly, for Watson.

Commins, Brouse, Englebeck & McDowell, of Akron and R. S. Dechant, Lebanon, for Stack.

### PER CURIAM

First, that the trial court erred in not continuing the case to procure the testimony of a witness subpoenaed by the accused.

The bill of exceptions shows that the bailiff of the Municipal Court tried to get in touch with said witness at the time of trial and that a forthwith subpoena was issued for him, but there was no evidence offered that the witness had received the original subpoena and no statement was made to the trial court showing what the accused claimed the witness would testify to, if present. Under these circumstances the trial court did not abuse its discretion in refusing to continue the case at the time the continuance was asked.

The second complaint made relates to the charge of the court, in which it erroneously stated that—

"This proceeding is in a sense quasi-criminal in its nature, the statutory remedy provided by law in bastardy is not necessarily in the interest or for the benefit of the complainant, but the object and purpose is primarily to protect the state and the county against the possible necessity of the care of any child which may be illegitimate. The jury, however, is governed by the same degree of evidence as in civil cases. The burden of proof is upon the complainant to establish her charge against the defendant by a preponderance of the evidence."

This is not the first time that this question has been before this court. In an unreported case in Lorain county, George Grundy v State, ex rel Martin, after deciding that a similar charge was erroneous, we said—

"The important question is as to whether the error of the court in misstating the object and purpose of the law was prejudicial.

"In some cases such error might be prejudicial, but a consideration of the record in this case leads us to the conclusion that said error in the charge did not affect the verdict of the jury. The evidence is quite convincing, and clearly the proper verdict was rendered. * * *

"The jurors were called upon to determine whether Grundy was the father of the child

and were not concerned with the question of whether, under the law, the benefit of such finding would inure to the complainant or the public, and could not properly have been influenced thereby."

So in the instant case, we are of the opinion that the error in the charge was not prejudicial and did not affect the jury in arriving at its verdict.

The third complaint made relates to the claim that the jury was influenced by passion and prejudice and that the jury had been tampered with.

This complaint has probably not been properly saved, as the affidavits to support and oppose it are not attached to the bill of exceptions; but we have considered this matter as though they were, and we cannot say that the trial court was manifestly wrong in holding that this claim was not sustained by the plaintiff in error.

We have fully read the bill of exceptions and do not find any prejudicial error either in the admission or rejection of evidence. or otherwise. We therefore affirm the judgment.

PARDEE, PJ, WASHBURN, J, and FUNK, J, concur.